IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO: 7:20-cv-139

**WORKINGFILMS, INC.,**

                    **Plaintiff,**

           v.

**WORKING NARRATIVES, INC.,**

                    **Defendant.**

**COMPLAINT**

**(Jury trial demanded)**

Plaintiff WorkingFilms, Inc. ("Plaintiff" or "Working Films"), a North Carolina non-profit corporation, through its undersigned counsel, for its Complaint against Defendant Working Narratives, Inc. ("Defendant" or "Working Narratives") alleges as follows:

## PARTIES

1. Plaintiff is a North Carolina non-profit corporation with its principal office and place of business in Wilmington, North Carolina.

2. Upon information and belief, Defendant is a North Carolina non-profit corporation with its principal office and place of business in Wilmington, North Carolina.

## JURISDICTION AND VENUE

3. This is a civil action for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. §1051 *et seq.*, and related claims, including unfair and deceptive trade practices and unfair competition under N.C. Gen. Stat. §75-1.1.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and the principles of supplemental jurisdiction.

5. This Court has personal jurisdiction over the Defendant because Defendant's principal office and place of business is in the State of North Carolina.

6. Venue is proper in this District and this Court pursuant to 28 U.S.C. §§1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS

### Founding of Working Films; Mission of Working Films

7. Working Films was established in 1999 as a North Carolina non-profit corporation.

8. Working Films is and has been located in Wilmington, North Carolina since at least 2000.

9. Working Films' primary financial support is through grants from nonprofit foundations and individual donations.

10. Working Films' website is located at www.workingfilms.org and it has used the domain name workingfilms.org since 2000.

11. Working Films has used the mark "Working Films" (the "Mark") to promote and distribute its services since its inception.

12. Working Films uses the Mark on its social media sites including Instagram, Twitter, and Facebook.

13. From its inception, Working Films' mission has been to use documentaries to advance social justice and environmental protection.

01195-001/00236965-1

2

Case 7:20-cv-00139-M    Document 1    Filed 07/29/20    Page 2 of 15

14. The primary way in which Working Films fulfills its mission is by curating and touring short documentary films to involve the public in social and environmental issues that impact their lives.

15. For example, in 2018, Working Films began funding, curating, and touring short documentary films focused on recovery from hurricanes and other disasters. Working Films is currently touring a collection of these films throughout North Carolina and in other communities in the United States and Puerto Rico that have experienced similar disasters.

16. In addition to curating and touring short documentary films, Working Films also fulfills its mission by providing consulting, funding, and technical support to documentary filmmakers and by sharing its methodology and best practices through training and presentations with the nonprofit, philanthropic, and documentary film sectors, including filmmaker, nonprofit, and foundation grantee cohorts.

17. For over 20 years, Working Films has provided services to over 800 films, and more than 1000 nonprofit and community-based organizations.

**Founding of Working Narratives**

18. Upon information and belief, Working Narratives is a North Carolina non-profit corporation.

19. Upon information and belief, Working Narratives is and has always been located in Wilmington, North Carolina.

20. Upon information and belief, Working Narratives' primary financial support is through grants from nonprofit foundations and individual donations.

21. Working Narratives currently uses the mark "Working Narratives" (the "Infringing Mark") in connection with the promotion and distribution of its services.

22. Upon information and belief, Working Narratives' current website is located at www.workingnarratives.org, and, upon information and belief, it uses and controls the domain name workingnarratives.org.

23. Upon information and belief, Working Narratives uses the Infringing Mark on certain social media sites, including Instagram, Twitter, and Facebook.

24. According to its website at www.workingnarratives.org, Working Narratives is a "non-partisan social justice organization dedicated to challenging injustice by empowering communities to address issues that affect their lives. We are narrative and story strategists, artists, and community organizers dedicated to advancing social justice and equity."

25. Upon information and belief, Working Narratives' services include funding, training, and technical support to documentary filmmakers working to advance social justice and equity.

26. According to its website at www.workingnarratives.org, Working Narratives consults with foundations and nonprofits to help 1.) develop a story-based communications strategy; 2.) create and manage web platforms for social-change groups or movement; and 3.) provide movements and grantee cohorts with ongoing "narrative strategy" support.

27. Upon information and belief, Working Narratives also creates and tours short documentary films.

28. For example, in 2020, more than a year after Working Film's announcement that it would be working on and touring short documentary films on the topic of hurricane recovery (see *supra*, ¶15), Working Narratives announced that it had created and would tour a collection of short form documentary films focused on hurricane recovery. Working Narratives even used a strikingly

similar "request a screening" form as those used by Working Films in numerous projects over many years.

## Working Films' Common Law Trademark Rights; Trademark Registration for "Working Films"

29. Since at least 2000, Plaintiff has used the Mark consistently and prominently in interstate commerce.

30. On February 9, 2018, Plaintiff filed an application for a federal trademark registration for the Mark (the "Application").

31. The United States Patent and Trademark Office (USPTO) published the Application on February 5, 2019. No opposition was made to the Application

32. A United States trademark registration for the mark "Working Films" in standard character form (Reg. No. 5731102) (the "Registration"), was issued on April 23, 2019. The Registration is in International Class 36 for "Providing grants for film and video production" and International Class 41 for "Planning, management, and coordination of film and video screenings; consulting, strategic planning, workshops, and educational training in the field of film and video production; providing a website featuring information on the production and use of non-fiction films, and non-downloadable publications in the nature of blogs, and articles involving social justice and environmental protection." A copy of the Registration is attached as **Exhibit A**.

33. The Registration shows that Plaintiff's first use in commerce of the Mark was September 14, 2000.

34. The Registration is valid and subsisting and constitutes *prima facie* evidence of Plaintiff's ownership of the Mark, the validity of the Mark, and of Plaintiff's exclusive rights to use the Mark in commerce on and in connection with the services recited in the Registration.

35. In addition to the trademark registration, Plaintiff owns valid and protectable common law rights for the Mark. Since at least 2000, Plaintiff has used the Mark continuously in commerce to promote, distinguish and identify its services. As a result of this long-standing and continuous use, consumers have come to associate the Mark with Working Films and the services it provides.

36. Working Films uses the Mark on all communications, including letterhead, emails, grant applications, invoices, etc.

37. Working Films uses the Mark on all promotional materials and in connection with the promotion and distribution of all of its services.

38. Working Films uses the Mark on its website at www.workingfilms.org, as its domain name, and on all of its social media sites, including Instagram, Twitter and Facebook.

39. Through Working Films' long and continuous use, and substantial investment and time in promoting its services using the Mark, the Mark has come to be known, recognized and identified as originating and affiliated with Working Films.

40. Working Films has acquired substantial goodwill in the Mark. As a result, it has become a valuable and irreplaceable asset of Working Films.

**Co-Founder/Executive Director of Defendant Engages with Working Films**

41. Upon information and belief, the co-founder and Executive Director of Defendant is Nick Szuberla ("Szuberla").

42. In February, 2007, Kentucky-based Appalshop, Inc., hired Working Films to develop and facilitate a strategy for Szuberla's project "Thousand Kites."

43. Upon information and belief, in 2007, Szuberla was either an employee, a contractor, or otherwise associated with Appalshop, Inc. ("Appalshop").

44. Upon information and belief, it was from his work with Working Films through Appalshop that Szuberla learned of the work and mission of Working Films, including its use of the Mark.

### Defendant and Its Confusingly Similar Mark

45. Because of Szuberla's encounter with Working Films through Appalshop, Defendant knew of Working Films' use of the Mark from at least 2007 and prior to Defendant's adoption of the Infringing Mark.

46. Upon information and belief, despite having knowledge of Working Films' long-standing use of the Mark, Defendant is now using the Infringing Mark to promote substantially similar services to the same class of consumers from the same location using the same types of funding sources.

47. Upon information and belief, Defendant has never filed an application for a registered trademark.

48. Upon information and belief, Defendant's use of the Infringing Mark was initially sporadic and inconsistent, using several marks to promote its services. For example, a funding proposal Szuberla prepared which proposed collaboration with Plaintiff, referenced "Nation Inside" as the name of his entity.

49. Defendant's services using the Infringing Mark initially did not overlap in a substantial way with those of Plaintiff.

50. However, Defendant's use of the Infringing Mark and Defendant's infringing conduct have materially changed.

51. Defendant is now consistently using the Infringing Mark to provide services that are substantially similar to those provided by Plaintiff.

52. Defendant's Infringing Mark is confusingly similar or identical to Plaintiff's Mark in meaning, in sound and in appearance.

53. As of the date of this Complaint, the parties are using confusingly similar marks to provide and promote substantially similar services to the same class of consumers, relying on similar and sometimes the same funding sources, and operating from the same geographic location.

### Actual Confusion

54. Plaintiff has encountered significant instances of actual confusion.

55. For example, at events attended by both Plaintiff and Defendant, other attendees have assumed that Working Films was the same organization as Working Narratives or that the two organizations were otherwise affiliated or connected.

56. A consultant of a funder to Plaintiff confused Plaintiff and Defendant, despite Working Films' personnel interviewing directly with the consultant.

57. A project collaborator confused Plaintiff and Defendant when writing about the collaboration.

58. A foundation that has provided funding to Plaintiff and, upon information and belief, has also provided funding to Defendant, confused Plaintiff and Defendant.

59. Other third parties engaging with Plaintiff have believed they were engaging with Defendant or that Working Films and Working Narratives were otherwise affiliated or connected.

### Plaintiff Demands That Defendant Cease and Desist Use of Infringing Mark, Attempt to Engage Defendant in an Amicable Resolution

60. As instances of actual confusion occurred, Plaintiff took several actions.

61. Plaintiff demanded several times that Defendant cease use of the Infringing Mark.

62. Plaintiff made numerous efforts to engage Defendant in conversations to reach an amicable resolution and to stop the actual confusion. However, despite these efforts and some

communication between the parties, Defendant has not been willing to commit to a meeting to resolve the matter.

63. Despite Plaintiff's demands and efforts to reach a resolution, Defendant continues to use the Infringing Mark to identify and promote its goods and services.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement—15 U.S.C. §1114**

64. The allegations of paragraphs 1 through 63 are realleged and incorporated by reference.

65. Plaintiff owns and uses the Mark, which is valid and protectable.

66. Plaintiff holds a current, valid federal registration for the Mark with the USPTO, namely, U.S. Reg. No. 5,731,102.

67. Defendant is using in commerce a reproduction, copy, or colorable imitation of the Mark in connection with the promotion and distribution of its services.

68. Defendant's use in commerce of a reproduction, copy, or colorable imitation of Plaintiff's registered mark is likely to cause and has caused actual confusion, and to cause mistake, or to deceive as to the source, affiliation, connection, or association of Defendant's services with the services of Plaintiff.

69. Defendant is willfully using a reproduction, copy, or colorable imitation of Plaintiff's registered mark despite having knowledge of Plaintiff's rights in the Mark.

70. Defendant is using a reproduction, copy, or colorable imitation of Plaintiff's registered mark with the knowledge that such use is likely to cause and has caused confusion, and to cause mistake, or deceive.

71. Defendant has refused Plaintiff's demands that it cease its illegal conduct.

72. Defendant's use of a reproduction, copy, or colorable imitation of Plaintiff's registered mark is causing Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

73. Defendant's infringement will continue and escalate unless enjoined by the Court.

74. Defendant's unauthorized use in interstate commerce of a reproduction, copy, or colorable imitation of Plaintiff's registered mark constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

75. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1114 and 1116(a).

**SECOND CLAIM FOR RELIEF**
**False Designation of Origin—Lanham Act § 43(a), 15 U.S.C. §1125(a)**

76. The allegations of paragraphs 1 through 75 are realleged and incorporated by reference.

77. Plaintiff is the owner of a valid and protectable trademark for the name "Working Films."

78. Defendant is using in commerce a name and false designation of origin in the promotion and distribution of its services.

79. Defendant's use of the name and false designation of origin is likely to cause and has caused confusion, to cause mistake or to deceive as to Defendant's affiliation, connection, or associated with Plaintiff.

80. Defendant's use of the name and false designation of origin is likely to cause and has caused confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's services.

81. Plaintiff did not authorize or consent to Defendant's use of the name and false designation of origin.

82. Defendant's conduct is willful because Defendant is using the name and false designation of origin despite having knowledge of Plaintiff's rights in the Mark.

83. Defendant is using the name and false designation of origin with the knowledge that such use will cause and has caused confusion, will cause mistake or to deceive.

84. Defendant has refused Plaintiff's demands that it cease its illegal conduct.

85. Defendant's use of the name and false designation of origin is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that consumers are likely to believe that Defendant's services are provided by Plaintiff, or originate from Plaintiff, or are licensed, sponsored, or approved by Plaintiff, or that there is some affiliation or connection between Plaintiff and Defendant.

86. As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff has and is likely to suffer harm and damage, including loss of business that Plaintiff otherwise would have earned, and its reputation with funders and the relevant public.

87. The acts of Defendant have caused irreparable harm to Plaintiff and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

88. The allegations of paragraphs 1 through 87 are realleged and incorporated by reference.

89. In addition to the Registration, through continuous and exclusive use of the Mark, Plaintiff has acquired common law trademark and service mark rights in the Mark as it has been

01195-001/00236965-1                    11

Case 7:20-cv-00139-M    Document 1    Filed 07/29/20    Page 11 of 15

used in connection with the services developed, supported, and promoted by Plaintiff, including services in connection with the curating, touring, promotion, screening, and funding of documentaries to advance social justice and environmental protection.

90. Upon information and belief, Plaintiff is the senior user of the Mark in connection with a.) providing grants for film and video production; b.) planning, management, and coordination of film and video screenings; c.) consulting, strategic planning, workshops, and educational training in the field of film and video production; d.) providing a website featuring information on the production and use of non-fiction films, and non-downloadable publications in the nature of blogs, and articles involving social justice and environmental protection; and e.) other and related services in connection with the curating, touring, promotion, screening and funding of documentaries to advance social justice and environmental protection.

91. Defendant is using a mark that is confusingly similar to the Plaintiff's Mark in connection with the promotion and distribution of Defendant's services.

92. Plaintiff did not authorize or consent to Defendant's use of the confusingly similar mark.

93. Defendant is willfully using its confusingly similar mark despite having knowledge of Plaintiff's rights in its Mark.

94. Defendant is using its confusingly similar mark with the knowledge that such use will cause and has caused confusion.

95. Defendant has refused Plaintiff's demands that it cease its illegal conduct.

96. Defendant's use of a confusingly similar mark constitutes common law trademark infringement and unfair methods of competition and violation of federal common law and applicable common law of the State of North Carolina.

97. As a direct and proximate result of the Defendant's conduct as alleged above, the Plaintiff has suffered damages and will continue to suffer damages. Plaintiff has lost the ability to control the quality associated with the Mark and the reputation of Plaintiff associated with the Mark in the minds of the general public and consumers of Plaintiff's services.

98. Defendant's conduct as above alleged is ongoing and will cause continuing and irreparable damage to Plaintiff's work and reputation unless and until Defendant is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices—N.C. Gen. Stat §75-1.1

99. The allegations of paragraphs 1 through 98 are realleged and incorporated by reference.

100. Defendant is using a mark that creates a likelihood of confusion, mistake or deception.

101. Defendant's use of the Infringing Mark is with the knowledge of Plaintiff's ownership and exclusive rights.

102. Defendant's use of the Infringing Mark is without Plaintiff's authorization or consent and over Working Films' express objection.

103. Defendant's conduct as alleged above is in and affecting commerce in the State of North Carolina.

104. Defendant's conduct as alleged above, constitutes unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. §75-1.1 *et seq.*

105. As a proximate result of Defendant's conduct, Plaintiff has suffered actual injury and has been damaged.

106. Pursuant to N.C. Gen Stat. §75-1.1 *et seq.*, Plaintiff is entitled, *inter alia*, to a permanent injunction on account of Defendant's unfair and deceptive acts and the recovery of its attorney's fees.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. That this Court issue a permanent injunction enjoining Defendant, its officers, directors, members, employees, representatives and agents, and all persons in active concert or participation with them, from any further use of the Infringing Mark, or any other designation, symbol, or device which is confusingly similar to Plaintiff's Mark;

B. That this Court enter a permanent injunction enjoining Defendant, its officers, directors, members, employees, representatives and agents, and all persons in active concert or participation with them from using the domain name www.workingnarratives.org or any other domain name which colorably simulates the Working Films name and from any use of the Infringing Mark on any social media platforms including Instagram, Facebook, and Twitter;

C. That Defendant transfer or cause the transfer of the registration of its www.workingnarratives.org domain name to Plaintiff;

D. That Plaintiff have and recover from Defendant its costs and attorney's fees, sustained by reason of Defendant's unfair and deceptive acts and unfair methods of competition, pursuant to N.C. Gen. Stat. §75-1.1 *et seq*;

E. That the Court deem this to be an exceptional case, and award to Plaintiff its reasonable attorney fees incurred in prosecuting its claims under the Lanham Act, pursuant to the provisions of Lanham Act, Section 35, 15 U.S.C. § 1117;

F. That Plaintiff have and recover its reasonable attorneys' fees incurred in prosecuting any other claim hereunder for which attorneys' fees may be awardable;

G. That all costs of this action be assessed against Defendant;

H. That Plaintiff have a trial by jury of all issues properly so triable; and

I. All such other and further relief as this Court may deem just and proper.

This the 29th day of July 2020.

**ALEXANDER RICKS, PLLC**

/s/Alice C. Richey
Alice Carmichael Richey
N.C. State Bar No. 13677
Benjamin F. Leighton
N.C. State Bar No. 50835
1420 E. 7th St., Suite 100
Charlotte, NC 28204
Telephone: 704-365-3656
Facsimile: 704-365-3676
Email: alice@alexanderricks.com
ben@alexanderricks.com

*Attorneys for Plaintiff*